UNITED STATES DISTRICT COURT
FOR THE
MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JAMES R. JOHNSON, | : |
| | : |
| Petitioner, | : |
| | : CIVIL NO. 3:CV-05-2352 |
| v. | : |
| | : (JUDGE VANASKIE) |
| FRANKLIN J. TENNIS, | : |
| | : |
| Respondent | : |

# M E M O R A N D U M

## I.    Introduction.

Petitioner James R. Johnson, an inmate currently confined at the State Correctional Institution at Rockview, in Bellefonte, Pennsylvania, filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, asserting his plea counsel was ineffective "for advising the Defendant/Petitioner to plead guilty in exchange for a sentence with eligibility for boot camp and the Department of Corrections refused him admission to the program due to the nature of his sexual offense."  (Dkt. Entry 1, Petition.)  For the following reasons, Johnson's Petition for Writ of Habeas Corpus will be denied.

## II.    Factual and Procedural Background.

The following background has been extracted from the statement of the York County Court of Common Pleas filed pursuant to Pa. R.A.P. § 1925(a) following the denial of Johnson's Post Conviction Relief Act (PCRA) petition for relief.  (Dkt. Entry 13-8, Appendix 7, Trial Court's § 1925(a) Statement, July 16, 2004):

> A Criminal Complaint was filed on May 1, 2002 charging the Defendant with Rape (§3121(a)(1) and (2) of the Crimes Code); Involuntary Deviate Sexual Intercourse (§ 3123(a)(1), (2), and (7) of the Crimes Code); Statutory Sexual Assault (§ 3122.1 of the Crimes Code); Sexual Assault (§ 3124.1 of the Crimes Code); Aggravated Indecent Assault (§ 3125(a)(1), (2), (3), and (8) of the Crimes Code); Indecent Assault (§ 3126(a)(1), (2), (3) and (8) of the Crimes Code) and Corruption of Minors (§ 6301(a) of the Crimes Code).  The allegations of sexual assault were related to the Defendant having various forms of sexual contact with S.H. (Date of birth: 11/9/88), a female child, during the month of February 2002.[1]  S.H. was then 13 years of age while the Defendant (10/20/81) was 20 years of age.  The Defendant retained the services of Harold N. Fitzkee, Jr, Esquire to represent him throughout the proceedings.[2]
>
> On May 12, 2003 the Defendant pled guilty to Statutory Sexual Assault (based upon vaginal sexual intercourse, § 3122.1 of the Crimes Code); Indecent Assault (general sexual touching, § 3126(a)(8) of the Crimes Code) and Corruption of Minors (sexual contact with a minor, § 6301(a) of the Crimes Code).  Under the terms of the Defendant's plea agreement the remaining charges of Rape, Involuntary Deviate Sexual Intercourse, Sexual Assault and Aggravated Indecent Assault were to be nol prosed and the Defendant would receive a sentence of 2½ to 5 years on the offense of Statutory Sexual Assault and concurrent sentences of 1 to 2 years on Indecent Assault and Corruption of Minors.

. . .

On the same date, namely May 12, 2003, the Defendant was sentenced in accordance with the plea agreement and it was . . . stated:

> The court further deems the Defendant an appropriate candidate for boot camp at such time as he should otherwise become eligible for that in the State Correctional setting.

Thereafter on May 28, 2003 the Defendant directed a letter to the court's chambers in which he represented that:

> "I was forced to take the plea ... I respectfully ask that you consider taking my plea back and look my case over."

In response to that letter the Trial Court entered an Order on June 2, 2003 which provided in part:

> Inasmuch as the referenced letter [from the Defendant] suggests that the Defendant's plea was not knowingly and voluntarily entered and suggests ineffective representation of Trial/Plea Counsel, we appoint the Public Defender's Office to further represent the Defendant.  A representative of the Public Defender's Office shall meet with the Defendant to consider the Defendant's assertions and take appropriate action on his behalf.

Thereafter and due to a conflict in representation of the Defendant within the Public Defender's Office the trial Court appointed Ronald J. Gross, Esquire to represent the Defendant by Order of June 12, 2003.

On January 30, 2004 the Defendant filed a pro se Petition for Modification of Sentence Nunc Pro Tunc.  After a review of that

motion the Trial Court on January 2004 refused that Petition observing:

> The Petition is for Modification of Sentence imposed by this court on May 12, 2003.  The Trial Court is without jurisdiction to modify, amend or change that sentence and accordingly all of the petitions are denied and refused.

On March 25, 2004 the Defendant filed a pro se PCRA Petition asserting ineffectiveness of both his Trial/Plea counsel, Harold N. Fitzkee, Jr., Esquire and subsequently appointed counsel Ronald J. Gross, Esquire.  The court appointed Frank C. Arcuri, Esquire to represent the Defendant in his PCRA filing, directing Attorney Arcuri to file a Supplemental PCRA Petition setting forth any additional basis for PCRA relief.  The court scheduled the matter for PCRA hearing on May 27, 2004 and a hearing was conducted thereon.  At the conclusion of the hearing on May 27, 2004 the Trial Court entered its Order and decision denying the Defendant PCRA relief.  On June 1, 2004 the Defendant filed an appeal to the Superior Court of Pennsylvania from the denial of PCRA relief.

[1]  The allegations and charges related to vaginal sexual intercourse, digital penetration of S.H.'s vagina and oral to genital contact (the Defendant's mouth to S.H.'s vagina).

[2]  Attorney Fitzkee died on October 26, 2003, after the entry of the Defendant's guilty plea and sentencing hearing had occurred on May 12, 2003.

The Superior Court of Pennsylvania affirmed the denial of PCRA relief.  See Commonwealth v. Johnson, 868 A.2d 1278 (Pa. Super. 2005); Dkt. Entry 13-11, Appendix 10, Pennsylvania Superior Court Opinion dated February 15, 2005.)  In its opinion, the Superior Court noted:

> [Johnson] was not statutorily ineligible for Boot Camp. [Johnson]

satisfied the term of the confinement and age criteria set forth in the statute. <u>See</u> 61 P.S. § 1123.[1]   Further, [Johnson]  was not

_____

[1]  The language of 61 P.S. § 1123 sets forth the definition of an "eligible inmate" for the purposes of participating in a Commonwealth of Pennsylvania Motivational Boot Camp.  An "eligible inmate" must meet the definition set forth by the statute:

> A person sentenced to a term of confinement under the jurisdiction of the Department of Corrections who is serving a term of confinement, the minimum of which is not more than two years and the maximum of which is five years or less or an inmate who is serving a term of confinement the minimum of which is not more than three years where that inmate is within two years of completing his minimum term, and who has not reached 35 years of age at the time he is approved for participation in the motivational boot camp program.  The term shall not include any inmate who is subject to a sentence the calculation of which included an enhancement for the use of a deadly weapon as defined pursuant to the sentencing guidelines promulgated by the Pennsylvania Commission on Sentencing or any inmate serving a sentence for any violation of one or more of the provisions:
>
> 18 Pa.C.S. § 2502 (relating to murder).
> 18 Pa.C.S. § 2503 (relating to voluntary manslaughter).
> 18 Pa.C.S. § 2506 (relating to drug delivery resulting in death).
> 18 Pa.C.S. § 2901 (relating to kidnaping).
> 18 Pa.C.S. § 3121 (relating to rape).
> 18 Pa.C.S. § 3123 (relating to involuntary deviate sexual intercourse).
> 18 Pa.C.S. § 3124.1 (relating to sexual assault).
> 18 Pa.C.S. § 3125 (relating to aggravated indecent assault).
> 18 Pa.C.S. § 3301(a)(1)(i) (relating to arson and related offenses).
> 18 Pa.C.S. § 3502 (related to burglary) in the case of burglary of a structure adapted for overnight accommodation in which at the time of the offense any person is present.

(continued...)

sentenced for a violation of any of the enumerated offenses which make an inmate statutorily ineligible for Boot Camp;  rather, he was sentenced for committing statutory sexual assault, 18 Pa.C.S.A. § 3122.1;  indecent assault, 18 Pa.C.S.A. § 3126(a)(8), and corruption of minors, 18 Pa.C.S.A. § 6301(a).   Thus, he was not rendered statutorily ineligible because of the offenses to which he pled guilty.

. . .

The Motivational Boot Camp Act provides, inter alia, that the sentencing judge, in selecting inmates who are eligible for participation in this 'alternative method' of incarceration 'shall have the discretion to exclude a defendant from eligibility if the judge determines that the defendant would be inappropriate for placement in a motivational boot camp.'  61 P.S. § 1124(b).  Here, the sentencing judge found [Johnson] to be eligible for placement in Boot Camp.  If an inmate is deemed eligible by a judge, however, the inmate must still be approved by the 'motivational boot camp selection committee' before he will be permitted to participate in the program.  61 P.S. § 1126(b).  Thus, the Motivational Boot Camp Act makes clear that, after a common pleas court judge rules a defendant eligible for the Boot Camp program, it is within the Boot Camp Committee's discretion to accept or reject a defendant for the Boot Camp Program.   See 61 P.S. § 1126(b).  Ultimately, [Johnson] was not placed in the Boot Camp program, but neither [Johnson]'s plea counsel nor the sentencing judge could have anticipated that decision. [Johnson]'s plea counsel did not, therefore, render ineffective assistance in advising [Johnson] concerning his eligibility for Boot Camp under the Boot Camp Act.

---

[1](...continued)
18 Pa.C.S. § 3701(a)(1)(i), (ii), or (iii) (relating to robbery).
18 Pa.C.S. § 3702 (relating to robbery of motor vehicle).
18 Pa.C.S. § 7508(a)(1)(iii), (a)(2)(iii), (a)(3)(iii) or (a)(4)(iii) (relating to drug trafficking sentencing and penalties).

Johnson, 868 A.2d at 1281 - 82.

On November 14, 2005, the Petitioner sought federal habeas relief in the present action.  Petitioner's sole ground for relief is the following:

> Ineffectiveness Assistance of Trial Counsel - for advising the Defendant/Petitioner to plead guilty in exchange for a sentence with eligibility for boot camp and the Department of Corrections refused him admission to the program due to the nature of his sexual offense.

(Dkt. Entry 1, Petition.)

## III.    Standard of Review.

An application for writ of habeas corpus on behalf of a person who is incarcerated pursuant to a state conviction cannot be granted with respect to any claim that was adjudicated on the merits in state court unless the adjudication: "(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based upon an unreasonable determination of the facts in light of the evidence presented in the state court proceeding."  See 28 U.S.C. § 2254(d); Williams v. Taylor, 529 U.S. 362, 412-13 (2000); Taylor v. Horn, No. 04-9016, 2007 WL 2728668 at * 9 (3d Cir. Sept. 20, 2007).

As explained in Harrington v. Gillis, 456 F.3d 118, 124 (3d Cir. 2006):

> [A] state court's decision is "contrary to" clearly established federal law only if 'the state court arrives at a conclusion opposite to that reached by [the

Supreme Court] on a question of law, or if the state court decides a case differently than [the Supreme Court] has on a set of materially indistinguishable facts.' Williams, 529 U.S. at 413; see Matteo v. Superintendent, SCI Albion, 171 F.3d 877, 891 (3d Cir.1999) (for a decision to be "contrary to" federal law, "Supreme Court precedent requires an outcome contrary to that reached by the relevant state court"). A state court decision involves an unreasonable application of federal law if it unreasonably extends a legal principle to a new context where it should apply. Williams, 529 U.S. at 413, 120 S.Ct. 1495.

Thus, "a federal habeas court may not issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly. Rather, that application must also be unreasonable." Williams, 529 U.S. at 411.

Under 28 U.S.C. § 2254(e)(1), a federal court is required to presume that a state court's findings of fact are correct. A habeas petitioner must present clear and convincing evidence to rebut this presumption of correctness. See 28 U.S.C. §2254(e)(1); Miller-El v. Cockrell, 537 U.S. 322, 341 (2003)(stating that the clear and convincing standard in § 2254(e)(1) applies to factual issues, whereas the unreasonable application standard of § 2254(d)(2) applies to factual decisions). This presumption of correctness applies to both explicit and implicit findings of fact. Campbell v. Vaughn, 209 F.3d 280, 286 (3d Cir. 2000).

## IV.    Discussion.

The sole issue raised in Johnson's habeas petition is that he was denied effective

assistance of counsel when advised to accept a guilty plea in exchange for a sentence that recommended him as "boot camp eligible" when the DOC later refused to admit him to the program due to the sexual nature of his offenses.  (Dkt. Entry 1, Petition.)   Respondents note that Petitioner exhausted this claim before the state courts, where it was found baseless on all levels of review.  They also note that Johnson's present habeas petition, which clearly identifies his sole claim of ineffectiveness of counsel, "does not demonstrate a basis to conclude that counsel's performance was deficient or that he was prejudice[d] as a result."  (Dkt. Entry 13, Response to the Petition for Writ of Habeas Corpus.)

Counsel is ineffective if the defendant can show that (1) counsel's representation fell below an objective standard of  reasonableness, and (2) there is a reasonable probability that, but for counsel's errors, the result would have been different.  Strickland v. Washington, 466 U.S. 668, 687 (1984).  Where a criminal defendant enters a guilty plea upon the advice of counsel, the voluntariness of that plea can depend on whether "counsel's advice 'was within the range of competence demanded of attorneys in criminal cases.'"  Hill v. Lockhart, 474 U.S. 52, 56 (1985).   The Strickland test is to be applied to challenges to guilty pleas based on ineffective assistance of counsel.  Id. at 57.  However, in the context of a challenge to a guilty plea, to satisfy the Strickland prejudice requirement, a petitioner "must show that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial."  Hill, 474 U.S. at 59.  Conclusory allegations that counsel

was ineffective do not warrant relief.  Jones v. Gomez, 66 F.3d 199, 205 (9th Cir.1995).

    The Respondents have submitted copies of Johnson's written plea colloquy, and

the transcript of the plea colloquy before the York County Court of Common Pleas.  (See Dkt.

Entries 13-4 and 13-5.)  After reviewing the plea colloquy and colloquy transcript, the Court is

satisfied that Johnson was never guaranteed admission into the Motivational Boot Camp

program.  The undisputed record demonstrates that the written plea colloquy, which Johnson

signed, indicates he understood his plea agreement was "2 ½ to 5 yrs, boot camp

recommendation w/draw gun case."  (Dkt. Entry 13-4 at R. 8.)[2]  He testified that he had the

opportunity to review the guilty plea and that all of his recorded answers were "truthful" and that

he entered into the plea "freely".  (Dkt. Entry 13-5 at R. 4-5).  At the oral plea colloquy the

sentencing judge explained each of the charges to which Johnson was pleading guilty, and

explained the elements of each offense that the Commonwealth would have the burden of

proving beyond a reasonable doubt if he were to proceed to trial.  Johnson admitted to having

sexual intercourse with the 13 year old minor - "Oh, yes, sir."  (Id. at R. 6.)  He also admitted to

the charges of indecent assault and the corruption of a minor.  (Id.)  He also confessed to the

charge of receiving stolen property, a handgun, and that he had attempted to get rid of it.  (Id.

at R. 7.)  After pronouncing the prison sentence Johnson would receive for the crimes to which

he pleaded guilty, the sentencing judge also stated that he "deems [Johnson] an appropriate

---

   [2]  The designation "R." signifies the CM/ECF pagination of the document cited.

candidate for boot camp at such time as he should otherwise become eligible for that in a state correctional setting." (Dkt. Entry 13-5 at R. 8.)  It is undisputed that at sentencing Johnson was statutorily eligible for participation in the Motivational Boot Camp.  Neither Johnson's various lawyers, nor the sentencing court, were in error when determining that Johnson's age, the agreed to term of imprisonment, or the crimes to which he pled guilty excluded him from eligibility to participate in the Motivational Boot Camp as statutorily defined by 61 P.S. § 1123. It is abundantly clear that Petitioner and his plea counsel were aware of the contingent nature of Johnson's admission into the boot camp program.  There is no evidence that Petitioner misunderstood the plea agreement.  In his habeas petition Johnson does not claim that his lawyer, the Court, or anyone else, advised him that he was guaranteed acceptance into the Motivational Boot Camp simply as a result of his plea agreement.  Johnson acknowledges that it "was his understanding to take the plea or get 7 to 14 [years]" as a result of the pending charges.  (Id. at R. 24 -25.)

The final decision as to a boot camp candidate's acceptance into the program rests with the Boot Camp Committee.  See 61 P.S. § 1126(b).  The fact that the DOC processed Johnson as a Boot Camp candidate demonstrates that he received the benefit of his plea.[3]  That the DOC rejected Johnson for participation in the program does not demonstrate the incompetency of his legal counsel in the formulation of the terms of the plea agreement.

---

[3] Dkt. Entry 13-7, Appendix 6 at R. 16.

Johnson, aside from his mere conclusory statements, has failed to demonstrate that he was misled in connection with the guilty plea process.  The reality of the situation is that the sentencing court could only make the recommendation of boot camp eligibility.  Johnson could expect nothing more as the DOC has the sole discretion to determine an inmate's actual acceptance into the program.

Johnson has not established that the state court's conclusions resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law as determined by the Supreme Court of the United States.  Nor has he established that the proceedings resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceedings.  To the contrary, there is ample evidence in the record to support the state courts' conclusion.  Petitioner's argument that his lawyer somehow misled or promised him he would receive more than a judicial recommendation for boot camp participation is entirely foreclosed by the record. Consequently, the Petition will be denied.

## V.      Conclusion.

For the reasons set forth above, the petition for habeas corpus relief will be denied.  A certificate of appealability will also be denied.  Petitioner is advised that he has the right to appeal the order denying his petition, provided he does so within thirty (30) days, see 28 U.S.C. § 2253(a); Fed. R. App. P. 4(a)(1)(A), and that this Court's denial of a certificate of

appealability does not prevent him from doing so, as long as he also seeks a certificate of

appealability from the Court of Appeals.  <u>See</u> Federal Rule of Appellate Procedure 22; Local

Rule of Appellate Procedure 22.1.

       An appropriate Order follows.


                            **<u>s/ Thomas I. Vanaskie</u>**
                            Thomas I. Vanaskie
                            United States District Judge

## UNITED STATES DISTRICT COURT
## FOR THE
## MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **JAMES R. JOHNSON,** | : |
| | : |
| **Petitioner,** | : |
| | :   **CIVIL NO. 3:CV-05-2352** |
| **v.** | : |
| | :   **(JUDGE VANASKIE)** |
| **FRANKLIN J. TENNIS,** | : |
| | : |
| **Respondent** | : |


## O R D E R

     **AND NOW**, this **22nd day of January, 2007**, for the reasons set forth in the foregoing Memorandum, **IT IS HEREBY ORDERED THAT**:

    1.    The petition under 28 U.S.C. § 2254 is **DENIED**.

    2.    A certificate of appealability is **DENIED**.

    3.    The Clerk of Court shall mark this matter **CLOSED.**


               **s/ Thomas I. Vanaskie**
               Thomas I. Vanaskie
               United States District Judge